**Henry S. Frank, Plaintiff-Appellant, v. Norvall S. Von Stith, et al., Defendants,**

### and

**Jiro Yamaguchi, Intervening Petitioner, Appellee, v. Home Owners Insurance Co. and Home Owners Life Insurance Co., Respondents (Citation).**

Gen. Nos. 53,189, 53,291. (Consolidated.)

First District, Fourth Division.

April 8, 1970.

Ash, Anos and Harris, of Chicago (Leonard Malkin and Howard Harris, of counsel), for appellant.

Jacob J. Gordon, of Chicago (Harry G. Fins, of counsel), for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiff Henry S. Frank appeals from a judgment directing the citation defendants, Home Owners Insurance Co. and Home Owners Life Insurance Co., to deliver certain property in their possession to the intervening petitioner Jiro Yamaguchi.

Plaintiff instituted an action to confess judgment on a promissory note evidencing an $11,700 loan dated August 10, 1964, executed by the prime defendants Von Stiths. On June 7, 1967, judgment was entered in plaintiff's favor in the amount of $5,000, which constituted the unpaid balance and costs. The following day a Citation to Discover Assets was issued and subsequently served upon the citation defendants on or about June 12, 1967.

The citation defendants had executed a loan to the Von Stiths on January 24, 1965, in the amount of $25,000. Norvall S. Von Stith, an employee of the citation defendants, had pledged 300 shares of common stock of Home Owners Life Insurance Co. plus renewal commissions due him as collateral for the loan. Upon the Von Stiths' default, the citation defendants obtained judgment in the amount of $22,467.22 against them on May 9, 1966.

On February 20, 1967, Yamaguchi and citation defendants entered into an oral agreement whereby Yamaguchi would satisfy the judgment against the Von Stiths by payment of $20,500 in return for an assignment of the collateral "to better secure the monies delivered and to be paid." After the judgment was satisfied by payment of $10,000 in cash and a judgment note in the sum of $10,500, and the judgment was satisfied of record, the citation defendants requested from the Von Stiths a written assignment and letter of direction as to the collateral before transferring it to Yamaguchi. Such documents, dated June 23, 1967, were received by citation defendants on June 30, 1967, subsequent to the time of service of plaintiff's Citation to Discover Assets.

In the citation proceedings below, Yamaguchi, as adverse claimant to the collateral, filed an intervening petition alleging a priority based upon the oral assignment of February 20, 1967. The court held in favor of Yamaguchi directing the citation defendants to deliver the collateral to him. Plaintiff appeals, maintaining:

(a) the adverse claimant failed to protect his interest in the security in conformity with Article 9 of the Uniform Commercial Code;

(b) in any event, the oral assignment to the adverse claimant from the citation defendant was ineffective, since upon satisfaction of judg-

241

ment, the citation defendants no longer retained an assignable interest in the collateral; and

(c) only the Von Stiths could have made a valid assignment of the collateral, and did not do so until after service of the citation.

OPINION

The Uniform Commercial Code provides that an assignment, "intended as security," falls within the purview of Article 9, "Secured Transactions," Ill Rev Stats, c 26, § 9–102(2). The "Illinois Code Comment," Smith-Hurd Illinois Annotated Statutes, c 26, § 9–102, at page 297, states:

> "The phrase 'intended as security' again emphasizes the intention of the parties (objectively determined, of course) as the primary consideration rather than the form or name given to the transaction."

If an assignment is "intended as security," section 9–203 provides:

> "(1) . . . , a security interest is not enforceable against the debtor or third parties unless
>
> > "(a) the collateral is in the possession of the secured party; or
> > "(b) the debtor has signed a security agreement which contains a description of the collateral . . . ."

The initial issue as raised by the parties is whether the assignment of the collateral from the citation defendants to Yamaguchi was "intended as security," thereby falling within the purview of Article 9. The intervening petitioner Yamaguchi contends that his claim to the collateral is not in the nature of a security

242

interest, but was intended by the parties to the assignment to be consideration for the satisfaction of judgment. This contention is refuted by the facts. Since the assignment ran from the citation defendants to Yamaguchi, the only interest, if any at all, acquirable was that of the citation defendants, which consisted solely of a security interest. Therefore, at the time of the alleged prior oral assignment of February 20, 1967, the citation defendants were incapable of passing the totality of ownership rights to Yamaguchi.

■ Secondly, Yamaguchi himself refers to the collateral as security. In his Answer and Counter Petition Yamaguchi states that the assignment was made, "to better secure the monies delivered and to be paid" and again during oral presentation in the trial court Yamaguchi's attorney states, "We paid this money, we want our security." We assume that Yamaguchi, who is an attorney, would not use such words of art without intention.

■ ■ We also agree with plaintiff's contention that once the judgment was satisfied, the judgment creditor had no assignable interest in the collateral and that, therefore, an assignment by the citation defendants was ineffective. Only the Von Stiths, as owners of the collateral, could have made a valid assignment. Since they were not parties to the purported oral assignment, that assignment could not have transferred their interest in the collateral. The written assignment by the Von Stiths (which was never introduced into evidence) was not delivered to the citation defendants until after the service of the citation. Therefore, Yamaguchi's interest in the collateral was subordinate to that of plaintiff, who therefore, was entitled to the property in the possession of the citation defendants for the purpose of applying it to the satisfaction of his judgment. Buck v. Illinois Nat.

Bank & Trust Co., 79 Ill App2d 101, 223 NE2d 167 (1967).

The order of the trial court is reversed and the cause remanded with directions to enter an order directing the citation defendants to deliver the property in their possession to plaintiff in accordance herewith.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.